# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| GRACE GUERRERO, Individually and for Others Similarly Situated, | Case No. |
| v. | |
| LOYAL SOURCE GOVERNMENT SERVICES, LLC | |

## ORIGINAL COMPLAINT

### SUMMARY

1.    Loyal Source Government Services fails to pay certain mid-level medical personnel overtime as required by the Fair Labor Standards Act (FLSA).

2.    Instead, Loyal Source pays these workers the same hourly rate for all hours worked, including those in excess of 40 in a work week.

3.    Grace Guerrero brings this collective action to recover unpaid overtime and other damages owed to herself and to other mid-level providers like her.

### JURISDICTION AND VENUE

4.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    Venue is proper in this Court because Loyal Source is headquartered in this District and Division.

### THE PARTIES

6.    Guerrero was hired by Loyal Source in December of 2015.

7. Guerrero worked for Loyal Source as a mid-level provider (specifically, a nurse practitioner) until August 2019.

8. Her written consent is attached.

9. Loyal Source is headquartered in Florida but provides services throughout the country.

10. Loyal Source may be served with process by serving its registered agent Seth Eubank, 12612 Challenger Parkway, Suite 365, Orlando, Florida 32826.

## Coverage Under The FLSA

11. At all relevant times, Loyal Source was an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. It hires, fires, supervises, maintains records on, and pays workers who perform services on its behalf.

13. At all relevant times, Loyal Source is an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. Loyal Source is an enterprise engaged in commerce or in the production of goods for commerce because it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, medical equipment, scrubs, etc. - that have been moved in or produced for commerce.

15. At all relevant times, Loyal Source had an annual gross volume of sales made in excess of $1,000,000.

16.     At all relevant times, Guerrero and the Mid-Level Providers (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17.     Loyal Source is a staffing company that provides healthcare professionals to government and private entities.

18.     Among the professionals it employs are "mid-level" (also known as "advanced practice") medical professionals such as nurse practitioners and physician assistants.

19.     It pays some of its mid-level providers at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

20.     This group of "Mid-Level Providers" is the subject of this collective action.

21.     In December 2015, Loyal Source hired Guerrero as a Mid-Level Provider.

22.     Loyal Source staffed Guerrero to work for the border control agency in Texas.

23.     Guerrero stopped working for Loyal Source in August of 2019.

24.     Loyal Source did not guarantee Guerrero a salary.

25.     Instead, Loyal Source paid Guerrero by the hour.

26.     Loyal Source paid Guerrero slightly different rates depending on whether she worked a "day shift" or a "night shift."

27.     Guerrero's final rate for day shifts was $72.10 an hour.

3

28.    Guerrero's final rate for night shifts was $74.60 an hour.

29.    Guerrero reported the hours she worked to Loyal Source on a regular basis.

30.    Guerrero reported her hours on a form created by Loyal Source known as the "Bi-Weekly Time Sheet."



31.    If Guerrero worked fewer than 40 hours in a week, she was only paid only for the hours worked.

32.    But Guerrero normally worked more than 40 hours in a week.

33.    For example, Guerrero worked 12 hours a day, every day, from April 28, 2019 to May 11, 2019.

34.    Loyal Source paid Guerrero at the same hourly rate for all hours worked, including those in excess of 40 in a workweek

35.    Rather than receiving time and half as required by the FLSA, Guerrero only received "straight time" pay for overtime hours worked.

36.    This "straight time for overtime" payment scheme violates the FLSA.

37.    Loyal Source imposed its straight time for overtime pay plan on other Mid-Level Providers in addition to Guerrero.

38.     The hours Guerrero and the Mid-Level Providers work are reflected in Loyal Source's records (including its "Bi-Weekly Time Sheets").

39.     Loyal Source knows its Mid-Level Providers work more than 40 hours in a week

40.     Loyal Source was and is aware of the overtime requirements of the FLSA.

41.     Loyal Source nonetheless failed to pay certain Mid-Level Providers (including Guerrero) overtime.

42.     Instead, Loyal Source simply paid them straight time for overtime hours.

43.     Thus, Guerrero and the other Mid-Level Providers were denied overtime because of the same illegal pay practice.

44.     Loyal Source knew, or acted with reckless disregard for whether, its straight time for overtime pay policy violated the FLSA.

45.     Loyal Source's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## FLSA VIOLATIONS

46.     Loyal Source violated the overtime provisions of the FLSA by employing Guerrero and the other Mid-Level Providers for workweeks longer than 40 hours without paying for such hours at a rate equal to at least 1 and ½ times the employees' regular rates.

47.     Loyal Source acted knowingly, willfully, or in reckless disregard, in carrying out its illegal straight time for overtime with respect to the Mid-Level Providers.

48.     Loyal Source's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

49.     Accordingly, Guerrero and the other Mid-Level Providers are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

50.     Loyal Source's illegal "straight time for overtime" policy extends beyond Guerrero.

51.     It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

52.     Loyal Source paid other Mid-Level Providers using the same unlawful scheme.

53.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

54.     The workers impacted by Loyal Source's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

55.     Therefore, the class is properly defined as:

**All Mid-Level Providers who were, at any point in the past 3 years, paid "straight time for overtime" by Loyal Source.**

56.     By failing to pay Guerrero and the Mid-Level Providers overtime at one-and-one-half times their regular rates, Loyal Source violated the FLSA.

57.     Loyal Source owes Guerrero and the Mid-Level Providers the difference between the rate actually paid and the proper overtime rate.

58.     Because Loyal Source knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Loyal Source owes these wages for at least the past 4 years.

59.     Loyal Source is liable to Guerrero and the Mid-Level Providers for an amount equal to all unpaid overtime wages as liquidated damages.

60.     Guerrero and the Mid-Level Providers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

61.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62.     Absent this action, many Mid-Level Providers likely will not obtain redress of their injuries and Loyal Source will reap the unjust benefits of violating the FLSA.

7

63.     Furthermore, even if some of the Mid-Level Providers could afford individual litigation against Loyal Source, it would be unduly burdensome to the judicial system.

64.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

65.     Guerrero's claims are typical of the claims of the Mid-Level Providers.

66.     Guerrero and the Mid-Level Providers sustained damages arising out of Loyal Source's illegal and uniform employment policy.

67.     Guerrero knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68.     Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts.

69.     Therefore, this issue does not preclude collective and class action treatment

### PRAYER

72.     Guerrero prays for relief as follows:

a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Mid-Level Providers;

     b.    Judgment awarding Guerrero and the Mid-Level Providers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

     c.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

     d.    All such other and further relief to which Guerrero and the Mid-Level Providers may show themselves to be justly entitled.

Dated:     January 2, 2020

Respectfully submitted,

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Fla. Bar No. 0015527
E-mail: rmorgan@forthepeople.com
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
**LOCAL COUNSEL FOR PLAINTIFFS**

Michael A. Josephson
*Pro Hac Vice forthcoming*
Texas Bar No. 24014780
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

9

Richard J. (Rex) Burch
*Pro Hac Vice forthcoming*
Fed. Id. 21615
State Bar No. 24001807
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**